UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-06705-CBM-(KESx) | Date | June 26, 2023 |
| Title | *Lilian Quintanilla Valdez v. Craig Roberts et al.* | | |

Present: The Honorable   CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:**   **IN CHAMBERS- ORDER RE: DEFENDANT'S MOTION IN LIMINE NO. 4**

The matter before the Court is Defendant's Motion in Limine No. 4 to preclude evidence of and argument about the quality of investigation, accuracy of reports and innocence of Plaintiff. (Dkt. No. 38 (the "Motion").) Plaintiff filed an opposition to the Motion. (Dkt. No. 54.)

On December 7, 2020, Plaintiff was arrested for fraudulently transferring the title of her ex-boyfriend's vehicle (Nissan Juke). Plaintiff claims that Defendant left her in handcuffs for too long while she was in custody. When two facilities refused to book Plaintiff during the COVID-19 Pandemic, Defendant cited and released Plaintiff. Plaintiff was charged with Penal Code § 118 (A), Penal Code § 470(D); and Penal Code § 487(D)(1). Plaintiff later pled nolo contendere and was convicted of violating California Penal Code § 507 in *The People of the State of California v. Lilian Quintanilla Valdez*. Penal Code § 507 provides that "[e]very person entrusted with any property as bailee, tenant, or lodger, or with any power or attorney for the sale of transfer thereof, who fraudulently converts the same or the proceeds thereof to [her] own use of or secretes it or them with a fraudulent intent to convert to [her] own use, is guilty of embezzlement."

In this case, Plaintiff alleges that there was "negligent handling of evidence and witnesses," "negligent communication of information during the incident," and "filing of materially false and incomplete police reports in order to justify Defendants' unlawful conduct" (Complaint ¶ 44(d)-(f)). Plaintiff's police practices expert opines that "there was not a thorough investigation conducted in this matter."

At the hearing on the Motion, Plaintiff advised that evidence of the quality of the investigation and accuracy of reports are offered to support her negligence claim. Defendant moves to preclude such evidence on the basis that it is irrelevant and barred by *Yount v. Sacramento,* 43 Cal.4th 885, 902 (2008), which holds that civil claims are barred to the extent they imply the invalidity of criminal judgments. Defendant argues that the opinions, evidence and arguments that criticize or contradict the DMV's investigation cannot be reconciled with Plaintiff's conviction and are an impermissible collateral attack on a final criminal judgment. Defendant also argues that evidence critical of the investigation and prosecution is unduly prejudicial and wasteful of court time.

   Plaintiff opposes Defendant's Motion on the grounds that Defendant's faulty investigation, inaccurate reports and delays in writing his reports establish his modus operandi and are relevant to his negligent, wanton, and reckless state of mind and disregard for Plaintiff's rights. Plaintiff further notes that there are no specific facts or occurrences admitted or found to be true by the criminal court that could be invalidated by any judgment in this Court.

   In addressing the Court during the criminal court proceedings, the District Attorney stated that the factual basis for Penal Code§ 507 is "converting the property of another to [Plaintiff's] own use."   The Court accepted that factual basis and Plaintiff pled nolo contendere to Penal Code§ 507.   Therefore, the Court finds that a judgment in this action for negligence based on the quality of the investigation and accuracy of reports relating to the conversion of property to Plaintiff's own use would imply the invalidity of Plaintiff's conviction in violation of the holding in *Yount*.   Accordingly, the Court **GRANTS** Defendant's Motion to preclude evidence of or argument about the quality of the investigation, accuracy of reports, and the innocence of Plaintiff.

   **IT IS SO ORDERED.**