Kevin A. Lipeles (Bar No. 244275)
kevin@kallaw.com
Thomas H. Schelly (Bar No. 217285)
thomas@kallaw.com
Andrew T. Magaline (Bar No. 290413)
atmagaline@atmesq.com
LIPELES LAW GROUP, APC
880 Apollo Street, Suite 336
El Segundo, California 90245
Telephone: (310) 322-2211
Fax: (310) 322-2252

Attorneys for Plaintiff,
Lilian Quintanilla Valdez

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Lilian Quintanilla Valdez, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Craig Roberts, et al.<br><br>Defendants. | Case No. 2:21-CV-06705 CBM (KESx)<br><br>**PARTIES' JOINTLY FINAL PRE-TRIAL CONFERENCE ORDER**<br><br>Action Filed: 8/18/2021<br>PTC: 5/23/2023<br>Trial Date: 6/27/2023 |

Following pretrial proceedings, and pursuant to Fed. R. Civ. P. 16 and L. R. 16, IT IS ORDERED AS FOLLOWS:

1. **THE PARTIES.**

   The remaining parties to this action are:

   A. **Plaintiff.**

      1. Lilian Quintanilla Valdez ("Plaintiff" or "Valdez").

   B. **Defendant.**

      1. Craig Roberts ("Defendant" or "Roberts").

   C. **Dismissed Parties.**

      1. Steven Gordon, in his capacity as director of the California Department of Motor Vehicles.

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

### D. **OPERATIVE PLEADINGS.**

The operative pleadings which raise the issues are: (1) Plaintiff's Complaint [Dkt. Doc. 1]; and Defendant's answer to Plaintiff's' complaint. [Dkt. Doc. 15].

## 2. **FEDERAL JURISDICTION AND VENUE.**

Federal jurisdiction and venue are invoked upon the grounds: that the action is primarily for the redress of constitutional rights as protected by 42 U.S.C. §§ 1983 and 1988. The parties do not dispute that jurisdiction exists under 28 U.S.C. §§ 1331 and 1343(a)(3) on federal question grounds. Furthermore, the parties do not dispute that the Court may exercise supplemental jurisdiction over Plaintiff's California state law claims pursuant to 28 U.S.C. § 1367.

The parties also do not dispute that venue is proper under 28 U.S.C. § 1391(b) in light of the fact that all of the relevant events in this action occurred within the County of Los Angeles (in the City of Los Angeles).

## 3. **TRIAL ESTIMATE.**

The trial is estimated to take <u>4 to 7</u> trial days, from voir dire through closing arguments.

## 4. **JURY TRIAL.**

The trial is to be a jury trial. At least seven (7) days prior to the trial date, the parties shall file and serve by e-mail, fax, or personal delivery: (a) proposed jury instructions as required by L.R. 51-1 and (b) any special questions requested to be asked on voir dire.

## 5. **ADMITTED FACTS.**

The following facts are *admitted* by Defendant and require no proof:

Defendant Craig Roberts was acting under color of law and in the course and scope of his employment with the State of California Department of Motor Vehicles

throughout any action or inaction of his relating to Plaintiff.

## 6. STIPULATED FACTS.

The following facts, though *stipulated*, shall be **without prejudice to any evidentiary objections**:

Any stipulated facts will be filed separately by the parties.

## 7. OPERATIVE CLAIMS AND DEFENSES.

### A. Plaintiffs' Claims Against Defendant:

Plaintiff is pursuing the following claims against Defendant:

1. A claim that Defendant violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and seizures through Excessive Force (pursuant to 42 U.S.C. § 1983) [First Claim for Relief].

2. A Claim that Defendant committed a battery upon Plaintiff in violation of California State Law [Second Claim for Relief].

3. A Claim that Defendant recklessly committed negligence as to Plaintiff in violation of California State Law [Third Claim for Relief].

Plaintiff seeks punitive damages, attorney's fees, and costs.

### B. Elements Required to Establish Plaintiffs' Operative Claims.

In addition to other pertinent instructions on the operative law as may be proffered to the Court, the following are the essential elements for proving plaintiffs' operative claims by a preponderance of the evidence.

**1. Plaintiffs' Excessive Force Claim (First Claim for Relief)**

a. Defendant Roberts acted under color of state law;

b. The use of force by Defendant Roberts deprived Plaintiff Valdez of her rights under the Fourth Amendment of the United States Constitution to be free from unreasonable seizure through excessive force;

c. That such unreasonable/excessive force caused Valdez's injuries.

**2. Plaintiffs' State Law Battery Claim (Second Claim for Relief)**

    a.    Roberts intentionally touched Valdez or caused her to be touched;

    b.    The use of force by Roberts on Valdez was unreasonable;

    c.    Valdez did not consent to Robert's use of force;

    d.    Valdez was harmed; and

    e.    Robert's use of unreasonable force was a substantial factor in causing Valdez's harm.

    f.    Valdez must prove compensatory damages by the preponderance of the evidence. She must prove each item of harm that was caused by the alleged wrongful conduct, even if it could not have been anticipated.

    g.    For punitive damages, Valdez must prove by clear and convincing evidence that Roberts engaged in the alleged conduct that harmed her with malice, oppression or fraud.

    **3.**    **Plaintiffs' State Law Negligence (Third Claim for Relief)**

    a.    Roberts was negligent;

    b.    Valdez was harmed;

    c.    Roberts' negligence was a substantial factor in causing Valdez's harm.

    d.    The standards for proving compensatory and punitive damages are the same as set forth above for the battery claim.

    **C.**    **<u>Key Evidence to be Relied Upon by Plaintiff to Support her Claims.</u>**

    **1.**    **Plaintiff's Excessive Force Claim (First Claim for Relief)**

The parties have stipulated that Defendant acted under color of state law during his interactions relating to Plaintiff. Plaintiff relies on the following key evidence to support the second element of her claim: testimony of plaintiff, plaintiff's lay witnesses, plaintiff's expert witnesses, testimony of defendant, testimony of other non-defendant officers. For the sake of economy, Plaintiff references and reasserts the key evidence portions of her Memorandum of Contentions of Law and Fact [Dkt. Doc. 50 at 4:12-8:11]. Defendant does not stipulate to the admissibility of all of plaintiff's evidence.

**D. Defendant**

1. Defendant plans to pursue the following affirmative defenses:

a. Qualified Immunity;

b. Failure to Mitigate Damages;

c. Penal Code section 835a (Battery and Negligence)

d. Government Code section 820.2 (Battery and Negligence)

e. Government Code section 820.4 (Battery and Negligence)

f. Government Code section 820.8 (Battery and Negligence)

g. Contributory Fault (Battery and Negligence)

h. Willful Resistance/Duty to Refrain from Resisting (Battery and Negligence)

2. The elements required to establish Defendant's affirmative defenses are:

a. Qualified Immunity:

(i). Whether Plaintiff's constitutional right was violated; and

(ii). Whether that right was clearly established at the time that Roberts acted.

b. Failure to Mitigate Damages:

(i). Plaintiff failed to use reasonable efforts to mitigate damages; and

(ii). The amount by which damages would have been mitigated.

c. Penal Code section 835a

(i). Roberts had reasonable cause to believe that the person to be arrested has committed a public offense;

(ii). Roberts used reasonable force to effect the arrest, to prevent escape or to overcome resistance.

A peace officer who makes or attempts to make an arrest need not retreat or desist from his efforts by reason of the resistance or threatened resistance of the person being arrested. A peace officer shall not be deemed an aggressor or lose his

right to self-defense by the use of objectively reasonable force to effect the arrest or to prevent escape or to overcome resistance. Even if the officer is mistaken, a person being arrested has a duty not to use force to resist the officer unless the officer is using unreasonable force. In deciding whether the officer used unreasonable force, jurors must consider the totality of the circumstances and determine what amount of force a reasonable officer in that position would have used under the same or similar circumstances.

    d. Government Code section 820.2:

Roberts is not liable for an injury resulting from an act or omission where the act or omission was the result of the exercise of discretion vested in him, whether or not such discretion was abused.

    e. Government Code section 820.4:

Roberts is not liable for his act or omission, exercising due care, in the execution or enforcement of any law.

    f. Government Code section 820.8:

Roberts is not liable for injury caused by the act or omission of another person. This does not exonerate him from liability for injury proximately caused by his own negligent or wrongful act or omission.

    g.  Contributory Fault

    (i).    Plaintiff was negligent/committed a wrongful act; and

    (ii).    Plaintiff's negligence/wrongful act was a substantial factor in causing her harm.

    h.    Willful Resistance/Duty to Refrain from Resisting

    (i).    Plaintiff had knowledge or by the use of reasonable care should have had knowledge that she was under arrest; and

    (ii).    Plaintiff resisted arrest.

    3.    In brief, the key evidence Defendant relies on for each affirmative defense is:

  a. Qualified Immunity, Penal Code 835a, Government Code sections 820.2, 820.4 and 820.8, and Willful Resistance/Duty to Refrain from Resistance:

  Roberts and his supervisor, Sergeant Castellon ("Castellon"), will testify about Plaintiff's crime and the reason for her arrest, her questioning, and the circumstances of her arrest and handcuffing. Roberts and Investigator Edwin Rivas ("Rivas") will testify about Plaintiff's transport to two facilities that refused her booking due to the Covid-19 pandemic, her citation and release from custody, communications with Plaintiff and her physical and mental condition when she was released. Roberts' police procedure expert, Greg Meyer, will testify that Roberts' actions complied with standard police procedure, and any force used was not excessive. A California Highway Patrol (CHP) witness will testify about the CHP log that was generated when Roberts arrived at the arrest location, and the time of other recorded events, including her release from custody. Roberts, Castellon and Rivas will testify about the length of time Plaintiff was handcuffed.

  Court records will show that Plaintiff was convicted of violating Penal Code section 507 in connection with this arrest after she pled nolo contendere and the Court found a factual basis for the plea. Roberts also incorporates by reference his Memorandum and Contentions of Fact and Law, Dkt. 47, pp.4:8-6:6.

  b. Mitigation of Damages:

  Orthopedic surgeon Graham Gitlin will testify about Plaintiff's injuries and that she obtained unnecessary medical treatment that was inflated in cost. Gregg Baringoldz, PhD, will testify about Plaintiff's pathology and claimed emotional injuries. Rubel Quintanilla Valdez will testify about Plaintiff's claimed damages.

  Plaintiff does not stipulate to the admissibility of all of Defendant's evidence.

  **E.** **Third Party Plaintiffs and Defendants:**

Inapplicable.

**8.** **REMAINING ULTIMATE ISSUES TO BE TRIED**

  In view of the admitted facts and the elements required to establish the claims

and affirmative defenses, the following issues remain to be tried:

1. [Excessive / Unreasonable Use of Force] During the incident at issue, did defendant Roberts use excessive and/or unreasonable force upon plaintiff Valdez that was objectively unreasonable under the totality of the circumstances.

2. [Causation – Claim 1 & 2] Was Defendant Robert's excessive and/or unreasonable use of force upon Plaintiff Valdez a substantial factor in Causing Valdez's harm.

3. [Negligence] Was Defendant Roberts' use of force and/or treatment of Plaintiff Negligent.

4. [Causation – Claim 3] Was Defendant Roberts' negligence a substantial factor in Causing Valdez's harm.

5. [Compensatory Damages] What is the amount of money that will reasonably and fairly compensate Valdez for injury that was caused by Roberts.

6. [Punitive Damages.] Did Defendant Roberts act with malice, oppression, or in reckless disregard of Plaintiff's rights so as to warrant an award of punitive-exemplary damages?

7. Affirmative Defenses:
a. Qualified Immunity:
(i). Whether Plaintiff's constitutional right was violated; and
(ii). Whether that right was clearly established at the time that Roberts acted.
b. Failure to Mitigate Damages:
(i). Whether Plaintiff failed to use reasonable efforts to mitigate damages; and
(ii). The amount by which damages would have been mitigated.
c. Penal Code section 835a
(i). Whether Roberts had reasonable cause to believe that the person to be arrested has committed a public offense;

(ii). Whether Roberts used reasonable force to effect the arrest, to prevent escape or to overcome resistance.

d. Government Code section 820.2:

Whether Roberts' acts and omissions were the result of the exercise of discretion vested in him.

e. Government Code section 820.4:

Whether Roberts exercised due care in the execution or enforcement of any law.

f. Government Code section 820.8:

Whether Valdez's injury was caused by the act or omission of a person other than Roberts.

g. Contributory Fault

(i). Whether Plaintiff was negligent/committed a wrongful fact; and

(ii). Whether Plaintiff's negligence/wrongful act was a substantial factor in causing her harm.

h. Willful Resistance/Duty to Refrain from Resisting

(i). Whether Plaintiff had knowledge or by the use of reasonable care should have had knowledge that she was under arrest; and

(ii). Whether Plaintiff resisted arrest.

**9. STATUS OF DISCOVERY.**

All discovery is complete.

**10. STATUS OF DISCLOSURES AND EXHIBITS.**

    **A. Status of Disclosures.**

All disclosures under F.R.Civ.P. 26(a)(3) have been made.

    **B. Exhibit Lists and Issues.**

The proposed joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1. Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed

below:

Plaintiff objects to Exhibit Nos. 18, 19, 20, 21, 22, 23, 24, 25, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 48, 50.

The grounds for Plaintiff's objections are set forth in her separately filed objections to defendant's exhibits.

Defendant objects to Exhibit Nos. 54, 55, 56, 57, 58, 59, 60, 61, 64, 65, 73, 77, 78, 80, 82, 83 and 84, and has separately filed objections with grounds. In summary, they are:

Hearsay: Exhibits 54, 55, 56, 57, 58, 59, 60, 61, 64, 65, 78, 82, 83 and 84.

Relevance/More Prejudicial than Probative: Exhibits 73, 77 and 78.

Unauthenticated Writing: Exhibits 77 and 78.

Cumulative: Exhibits 82, 83 and 84 appear to be duplicative of Exhibits 54, 55 and 56.

Exhibits 57-61 are deposition transcripts. Roberts reserves the right to object to individual questions therein. Roberts also reserves the right to object to Exhibit 80.

Additional issues with respect to Exhibit 54 are discussed in Roberts' motions *in limine*.

Exhibit 73: Roberts requests redaction of the peace officer's license plate numbers in the photo.

## 11. WITNESS LISTS OF THE PARTIES AND ISSUES.

Witness lists of the parties have been filed with the Court

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

## 12. PENDING OR CONTEMPLATED LAW AND MOTION MATTERS.

The following law and motion matters and motions *in limine* ("MIL"), and no others, are pending or contemplated:

**A.   Defense:**

Defendant anticipates filing briefing about qualified immunity with the Court. Defendant has filed the following motions *in limine:*

    1.   Preclude evidence and argument about Plaintiff's release location;

    2.   Preclude evidence and argument about Plaintiff's claimed body search;

    3.   Preclude opinions by Plaintiff's rebuttal expert that go beyond rebuttal; and

    4.   Preclude evidence and argument about the quality of the DMV's investigation of Plaintiff, accuracy of DMV reports and alleged innocence of Plaintiff.

    **1.   <u>MIL No. 1</u>**

        ____ Granted     ____ Denied     ____ Modified

    **2.   <u>MIL No. 2</u>**

        ____ Granted     ____ Denied     ____ Modified

    **3.   <u>MIL No. 3</u>**

        ____ Granted     ____ Denied     ____ Modified

    **4.   <u>MIL No. 4</u>**

        ____ Granted     ____ Denied     ____ Modified

**13.   <u>BIFURCATION OF ISSUES FOR TRIAL.</u>**

Defendant: bifurcation of the following issues for trial is ordered:

Punitive damages.

Plaintiff: Valdez opposes this kind of bifurcation, however, if bifurcation is to be ordered, Valdez proposes that the issues of liability and damages (compensatory and punitive) be separated into two distinct phases.

14. **SUPERSEDING EFFECT OF THIS ORDER.**

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

**IT IS SO ORDERED.**

DATED: June 21, 2023

_____
Hon. Consuelo Marshall,
U. S. DISTRICT JUDGE

Approved as Form and Content:

DATED: May 12, 2023          **LIPELES LAW GROUP, APC**

By:  /s/ Andrew Magaline
     Kevin Lipeles
     Thomas Schelly
     Andrew Magaline
     Attorneys for Plaintiff,
     Lilian Quintanilla Valdez

DATED:  May 12, 2023          **ROB BONTA**
                              **Attorney General of California**

     */s/ Molly S. Murphy*
     MOLLY S. MURPHY
     Deputy Attorney General
     Attorneys for Defendant Craig Roberts

13
**FINAL PRE-TRIAL CONFERENCE ORDER**